UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA NIELSEN, Individually
and as Personal Representative of the
Estate of Erik Nielsen,

    Plaintiff,

v.

COLUMBIA TOWNSHIP, and
BEN HOVARTER,

    Defendants.
_____/

Case No. 4:23-cv-10359
District Judge Shalina D. Kumar
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE (ECF No. 31)**[1]

## I.   Introduction

This is a civil rights case. Plaintiff Jessica Nielsen, individually and as personal representative of the Estate of Erik Nielsen is suing defendants Columbia Township and Columbia Township police officer Ben Hovarter (Hovarter) claiming Constitutional violations under 42 U.S.C. § 1983 arising out of the death of her husband, Erik Nielsen. In broad terms, plaintiff claims that Hovarter used

---

[1] Upon review of the motion, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

excessive and deadly force against Erik Nielsen and that Columbia Township has failed to properly train its officers and has unconstitutional policies and procedures. *See* ECF No. 4. Discovery matters have been referred to the undersigned. (ECF No. 20).

Before the Court is plaintiff's motion for an order to show cause as to non-parties Incident Management Team (IMT) and Dr. Kenneth Wolf. (ECF No. 31). Neither of these non-parties have filed a response and the time for doing so has passed. The undersigned confirmed during a November 30, 2023 telephone conference with counsel for plaintiff and defendants that the non-parties were given notice of this motion.

For the reasons that follow, the undersigned RECOMMENDS that plaintiff's motion be GRANTED and IMT and Dr. Kenneth Wolf be ordered to show cause as to why they have failed to comply with the subpoena.

II.   Certified Facts

A.   Standard

In a case such as this one—where a magistrate judge has been referred pretrial matters, but the parties have not consented—a magistrate judge must proceed under 28 U.S.C. § 636(e)(6)(B). *See Faison v. State Farm Fire & Cas. Co.*, No. 13-CV-15014, 2015 WL 4274882, at *1 (E.D. Mich. June 18, 2015), *report and recommendation adopted*, 2015 WL 4274887 (E.D. Mich. July 14,

2

2015). The statute states that when an "act constitutes a civil contempt,"

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).

B.  Application

The undersigned certifies the following facts:

1)  On October 11, 2023, plaintiff's counsel issued a subpoena *duces tecum* to IMT and keeper of the records for Dr. Kenneth Wolf, to produce the following documents no later than October 25, 2023 at 3:00 p.m. at plaintiff's counsel's office:

> Any and all complete and unredacted records in the possession and control of IMT and Dr. Kenneth Wolf, Ph.D regarding Ben Hovarter, including but not limited to notes, reports, testing materials, test results, video recordings, transcripts and psychological analyses with regard to any and all Critical Incident Stress Debriefings (CISD's) and any other consultations, examinations and/or findings with an/or related in any way to Ben Hovarter and/or with anyone else from the Columbia Twp Police Department pertaining to Officer Hovarter.

2)  To date, IMT and Dr. Kenneth Wolf, Ph.D. have failed to respond to the subpoena or plaintiff's motion, and the records sought have not been

3

produced.[2]

### III. Discussion

#### A. Standard

Under Federal Rule of Civil Procedure 45(g), "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." While the power to hold an individual in contempt "should not be used

---

[2] Defendants filed a response to plaintiff's motion, arguing that the subpoena requested "unnecessary and overly intrusive personal medical information of Officer Hovarter." (ECF No. 25, Page.ID 195). They also asked to "quash" the subpoena. However, defendants did not separately move to quash the subpoena. Even if defendant's response was construed as a motion to quash, it would be untimely. Although Federal Rule of Civil Procedure 45 does not specify when a motion is timely, "[i]t is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena." *United States v. Christiana Care Health Servs.*, No. 1:21-MC-22, 2022 WL 3042528, at *3 (S.D. Ohio Aug. 2, 2022). "Courts have held that the failure to timely file the motion requires denial of the motion." *Id.* at *4. Here, the subpoena was issued on October 11, 2023, with a return date of October 25, 2023. Defendants filed their response with the request to quash on November 17, 2023, which is well beyond the return date. Defendants confirmed at a November 30, 2023 telephone conference that they did have the required notice of the third-party subpoena. Additionally, plaintiff filed a supplemental brief in support of the motion for order to show cause, further explaining the relevance and necessity of the documents being sought by the subpoena. (ECF No. 42). The undersigned expresses no opinion as to the merits of the subpoena but notes that the absence of any proper objections to the subpoena suggests that any argument as to the merits of the subpoena are waived. *See, e.g.*, *Jenkins v. Mich. Dep't of Corr.*, No. 5:14-CV-11812, 2015 WL 1198043, at *2 (E.D. Mich. Mar. 16, 2015) ("Failing to serve written objections [to a subpoena] by the time provided in Rule 45 generally waives those objections.").

lightly," "the Supreme Court has stated that this power 'is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law.' " *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911)).

"The movant in a civil contempt proceeding bears the burden of proving by clear and convincing evidence that the respondent 'violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.' " *Liberte Cap. Grp., LLC v. Capwill*, 462 F.3d 543, 550 (quoting *Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir. 1991)). "Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (emphasis in original). "To meet this production burden in this circuit 'a defendant must show categorically and in detail why he or she is unable to comply with the court's order.' " *Id.* (quoting *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996)).

B. Application

The certified facts outlined in the previous section of this Report and

Recommendation support a finding that plaintiff has met the burden of regarding civil contempt by IMT and Dr. Wolf sufficient to warrant an order to show cause.

As set forth above, plaintiff's counsel properly served a subpoena on IMT and Dr. Wolf. Neither of these non-parties filed objections or moved to quash the subpoena even though the subpoena was served with a page printed with the text of Federal Rule of Civil Procedure 45(c)(3), which instructs an individual or entity on how to move to quash or modify a subpoena. Accordingly, the undersigned recommends that plaintiff's motion for a show cause order be granted.

## IV.   Conclusion

For the reasons stated above, the undersigned RECOMMENDS that plaintiff's motion for an order requiring IMT and Dr. Kenneth Wolf to show cause why they should not be found in contempt of court for failing to comply with subpoenas issued by plaintiff, (ECF No. 31), be GRANTED as follows:

1) IMT and Dr. Kenneth Wolf should be ordered to appear before the Honorable Shalina D. Kumar on a date certain to show cause why they should not be held in civil contempt for failing to comply with plaintiff's subpoena;

2) Unless IMT and Dr. Kenneth Wolf satisfactorily show cause as to why they have not fully complied with plaintiff's subpoena, they should be held in civil contempt of court by Judge Kumar; and

3) IMT and Dr. Kenneth Wolf should be ordered to purge themselves of the contempt by fully complying with the subpoena.

Dated: January 19, 2024  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 19, 2024.

s/Carolyn Ciesla<br>
CAROLYN CIESLA<br>
Case Manager